[Cite as *State v. Klorer*, **2014-Ohio-3989**.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                                    Court of Appeals No. WD-13-083

     Appellee                                              Trial Court No. 2012CR0601

v.

Richard C. Klorer                                          **DECISION AND JUDGMENT**

     Appellant                                             Decided:  September 12, 2014

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
Thomas A. Matuszak and David T. Harold, Assistant Prosecuting
Attorneys, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a September 13, 2013, judgment of the Wood County
Court of Common Pleas, which found appellant guilty of one count of possession of
heroin, in violation of R.C. 2925.11, a felony of the fifth degree.  For the reasons set forth
below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Richard C. Klorer, sets forth the following sole assignment of error:

THE TRIAL COURT COMMITTED ERROR IN DENYING APPELLANT'S MOTION TO SUPPRESS IN VIOLATION OF HIS CONSTITUTIONAL RIGHT TO BE FREE FROM AN UNREASONABLE SEARCH AND SEIZURE UNDER THE OHIO AND UNITED STATES CONSTITUTIONS.

{¶ 3} The following undisputed facts are relevant to this appeal. On July 2, 2012, a Bowling Green police officer who was on duty was alerted by a fellow officer to watch out for a white Pontiac currently driving in the area. The subject vehicle was driven by a known suspect with an active arrest warrant, driving under a suspended license, and possessing a lengthy criminal record.

{¶ 4} The officer subsequently observed the wanted vehicle commit a traffic offense and stopped it at a gas station in the city of Bowling Green. Based upon the active warrant for appellant's arrest, appellant was arrested and a tow order was placed for the vehicle. Pursuant to a standard, written policy of the Bowling Green Police Department, when the driver of a vehicle is being arrested the arresting officer, "will attempt to inventory the vehicle before leaving the scene." In conjunction with this, the department policy provides, "The inventory will be as thorough as possible. All containers and compartments shall be inventoried, when practical."

2.

**{¶ 5}** Pursuant to the departmental policy, the arresting officer began to conduct an inventory search of appellant's vehicle. During the search, the officer recovered a green zippered pouch containing an uncapped syringe and a plastic bag which encompassed smaller plastic bags containing residue and bloodstained cotton balls.

**{¶ 6}** On September 21, 2012, BCI test results confirmed that the materials recovered from appellant's vehicle contained heroin. Accordingly, appellant was charged with one count of possession of heroin, a violation of R.C. 2925.11, a felony of the fifth degree.

**{¶ 7}** On March 15, 2013, counsel for appellant filed a motion for intervention in lieu of conviction. On March 18, 2013, appellee filed a brief in opposition. Appellant possesses an extensive criminal history, including multiple past drug offenses. On May 28, 2013, the trial court denied appellant's motion for intervention in lieu of conviction.

**{¶ 8}** On June 18, 2013, a waiver of speedy trial requirements was filed by appellant. On June 20, 2013, appellant filed a written motion to suppress. On July 8, 2013, appellee filed a brief in opposition. On August 23, 2013, the suppression hearing was conducted. The motion was subsequently denied.

**{¶ 9}** Appellant entered a plea of no contest to the single count of possession of heroin, in violation of R.C. 2925.11, a felony of the fifth degree, and was found guilty. A presentence investigation was ordered. On November 8, 2013, appellant was sentenced to four years of community control. This appeal ensued.

3.

**{¶ 10}** In the single assignment of error, appellant asserts that the trial court improperly denied appellant's motion to suppress. In support, appellant contends that although the initial traffic stop by the Bowling Green Police Department triggering the inventory and tow of appellant's vehicle was valid, the Bowling Green Police Department policy underlying this matter was not adequately specific as it pertains to the contents of containers discovered during such searches. We are not persuaded.

**{¶ 11}** It is well-established that an inventory search of a lawfully impounded vehicle is a valid exception to the warrant requirement of the fourth amendment of the United States Constitution. *Colorado v. Bertine*, 479 U.S. 367, 371 (1987). The rationale underlying the exclusion of vehicle inventory searches from the warrant requirement stems from the fact that such searches constitute an administrative function, not an investigative function. *South Dakota v. Opperman*, 428 U.S. 364, 367 (1976).

**{¶ 12}** In conjunction with the above guiding legal parameters, this court has held that in order to determine whether a disputed vehicle inventory search was valid, the evidence must demonstrate that the relevant police department has a standardized policy for such scenarios and that the officer's conduct conformed to that policy. *State v. Kerr*, 6th Dist. Wood No. WD-05-080, 2006-Ohio-6058, ¶ 20. Also, the record must reflect that the search was not done in bad faith such as being performed as a pretext with the actual purpose being solely for investigation. As we held in *Kerr* at ¶ 26, "[N]othing in the record indicates that the inventory search of appellee's vehicle was conducted in bad faith or for the sole purpose of investigation."

4.

{¶ 13} We note at the outset of our consideration of the propriety of the disputed vehicle inventory search that the record reflects that the Bowling Green Police Department possessed a standardized written policy for performing an inventory search of a vehicle of a driver who has been arrested. The policy states in pertinent part, "The inventory will be as thorough as possible. All containers and compartments shall be inventoried, when practical." The policy clearly establishes that it exists to both protect the property in the vehicle and to protect against claims of theft of the property against the officers.

{¶ 14} In applying all of the above controlling legal guidelines to the instant case, the record reflects that appellant was properly stopped for a traffic violation and that appellant concedes the legitimacy of the initial stop. The record reflects that at the time of the traffic stop, there was an active warrant for appellant's arrest on a prior criminal matter. The record reflects that based upon appellant's arrest, a tow and inventory of appellant's vehicle was initiated and conducted pursuant to a standardized written policy of the Bowling Green Police Department. The record reflects that the policy directed such a vehicle inventory search to be, "as thorough as possible." The record reflects that the arresting officer recovered a green plastic zipper pouch containing a plastic bag inside of it, which then contained smaller plastic bags within the larger plastic bag. The record reflects that all containers were searched, including containers stored within containers.

{¶ 15} We have carefully reviewed and considered this matter. Just as we concluded in the analogous *Kerr* case, we likewise find that nothing in the record reflects

5.

that the disputed inventory search of appellant's vehicle was done in bad faith or for the sole purpose of investigation so as to potentially compromise the legitimacy of the vehicle inventory search. The search was performed in substantial accordance with the standardized procedures of the Bowling Green Police Department.

{¶ 16} Wherefore, we find appellant's sole assignment of error not well-taken. The judgment of the Wood County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.